O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GROUP IX BP PROPERTIES, LP, | ) | Case No. CV 15-00946 DDP (JPRx) |
| Plaintiff, | ) | **ORDER DENYING EX PARTE APPLICATION AND REMANDING TO STATE COURT** |
| v. | ) | |
| DARLENE GARCIA; DONNIE MAYES aka DONIE MAYES; QUION MAYES; Does 1-10, | ) | [Dkt. Nos. 1, 5] |
| Defendants. | ) | |

    Presently before the Court is Defendants' Ex Parte Application asking the Court to enforce removal by staying state court proceedings and issuing an order to show cause why Plaintiff's attorneys and the Superior Court judge should not be held in contempt for continuing the state court proceeding after removal. (Dkt. No. 5.) Because the Court finds that it should remand the case to the state court for lack of jurisdiction, the application is denied as moot.

    The underlying complaint in this case is an action under state law for unlawful detainer. (Dkt. No. 1, Ex. 1.) No federal cause of action appears on the face of the Complaint. Defendants argue

that they are entitled to remove to federal court because the unlawful detainer action violates their rights under the "First, Fifth, Seventh, Ninth, and Fourteenth Amendments." (Dkt. No. 1 at 1:26.)

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The removal statute is strictly construed against removal jurisdiction, and federal jurisdiction must be rejected if any doubt exists as to the propriety of removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). A removing defendant always bears the burden of establishing that removal is proper. Id. Furthermore, "[u]nder the longstanding well-pleaded complaint rule . . . a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (quotation, citation, and alteration omitted). "Federal law" cannot be predicated on a defense or counterclaim. Id.

Defendants are apparently aware of the "well-pleaded complaint rule." (Dkt. No. 1 at 3:11-13.) Nonetheless, Defendants assert that the rule does not apply, because they remove under 28 U.S.C. § 1443, which allows for removal by "any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." That statute, however, does not provide for removal any

time a defendant's civil rights are being violated. It is, rather, a very narrow opening for removal in unusual cases where the state in question has passed legislation commanding the state courts to ignore federal racial civil rights statutes. <u>Patel v. Del Taco</u>, Inc., 446 F.3d 996, 998-99 (9th Cir. 2006).

Thus, Defendants' attempt to remove under § 1443 fails for two reasons. First, they do not allege that their rights under a federal law related to *racial discrimination* are being denied. This is a fundamental prerequisite to § 1443 removal, and it cannot be met by reference to constitutional provisions of general application:

> [T]he defendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under s 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that s 1443 demands . . . . [Section] 1443 applies only to rights that are granted in terms of equality and not to the whole gamut of constitutional rights. When the removal statute speaks of "any law providing for equal rights," it refers to those laws that are couched in terms of equality, such as the historic and the recent equal rights statutes, as distinguished from laws, of which the due process clause and 42 U.S.C. s 1983 are sufficient examples, that confer equal rights in the sense, vital to our way of life, of bestowing them upon all.

<u>State of Ga. v. Rachel</u>, 384 U.S. 780, 792 (1966).

1  Even if Defendants had actually contended they were being
2  denied racial equal rights, however, their removal would still
3  fail, as they have pointed to no "state statute or . . . [state]
4  constitutional provision that purports to command the state courts
5  to ignore the federal rights. Bad experiences with the particular
6  court in question will not suffice." People of State of Cal. v.
7  Sandoval, 434 F.2d 635, 636 (9th Cir. 1970).

8  The Court therefore finds that it has no subject matter
9  jurisdiction to hear this case under § 1443, nor under the ordinary
10 federal question provision of § 1441.  Accordingly, the case is
11 REMANDED to state court.  The ex parte application is therefore
12 DENIED as moot.

14 IT IS SO ORDERED.

17 Dated: February 13, 2015

    DEAN D. PREGERSON
    United States District Judge